UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE SMITH, #389335,

    Plaintiff,                                     Civil Action No. 2:23-cv-12903
v.                                                    HON. BERNARD A. FRIEDMAN

HEIDI WASHINGTON, et. al.,

    Defendants.
_____/

**OPINION AND ORDER PARTIALLY DISMISSING**
**THE CIVIL RIGHTS COMPLAINT**

## I. Introduction

Before the Court is Plaintiff Jermaine Smith's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the Macomb Correctional Facility in New Haven, Michigan. The Court has reviewed the complaint and now **DISMISSES IT IN PART**.

## II. Standard of Review

Plaintiff was allowed to proceed without prepayment of fees. 28 § U.S.C. 1915(a); (ECF No. 6). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>     (B) the action or appeal:
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or

>   (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (cleaned up). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

2

### III.  Complaint

Plaintiff alleges that he has endured several years of harassment and retaliation for filing verbal and written complaints.  He claims that his property has been damaged or destroyed several times.  He also alleges that the various defendants have refused to investigate his complaints and/or have wrongfully denied his grievances. Plaintiff alleges that Defendant Kristopher Steece and Inspector Herbert announced over the prison intercom that Plaintiff was a "snitch," which Plaintiff alleges has placed him in danger of being assaulted. He also claims that defendants, without specifying which ones, have several times called Plaintiff a homosexual over the intercom, also placing Plaintiff in danger. The Court presumes this refers to Defendants Steece and Herbert as well.  Plaintiff says this is being done in retaliation for his prior complaints and grievances.

Plaintiff now seeks monetary damages and injunctive relief against the various defendants.

### IV.  Discussion

**A. The suit must be dismissed against Defendants Washington and Chapman.**

The complaint must be dismissed against Defendant Washington, the Director of the Michigan Department of Corrections, and Defendant Willis Chapman, the warden at the Macomb Correctional Facility, because Plaintiff failed to allege any

3

personal involvement on the part of these defendants with the alleged unconstitutional deprivations.

A supervisory official cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiff can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (cleaned up).  A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.*  "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Id.*

The complaint must be dismissed against Defendant Washington because the complaint does not allege that Washington had any direct involvement in the alleged violations of Plaintiff's constitutional rights. *See Sarr v. Martin*, 53 F. App'x 760, 761 (6th Cir. 2002).  Any notice that Washington might have received through the prison's grievance system would be insufficient to make her personally liable for the alleged unconstitutional acts here. *See id.*  Moreover, Washington's failure to act upon Plaintiff's complaint would be insufficient to render her liable for these unconstitutional actions under § 1983. *Combs*, 315 F.3d at 558.

Warden Chapman is likewise not liable under § 1983 in his supervisory capacity for the alleged violation of Plaintiff's rights because Plaintiff failed to allege that the warden committed any of these acts or acquiesced in the other parties' conduct. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). Defendants Washington and Chapman are dismissed from the complaint.

**B. The wrongful grievance claim and Defendant Nenrod are dismissed from the complaint.**

Plaintiff is not entitled to relief on his claim that the defendants, particularly Defendant Nenrod, the grievance coordinator, wrongly denied his administrative grievances.

The Sixth Circuit has repeatedly held that the wrongful denial of a prison grievance by a prison official does not violate any federal constitutional right in the absence of any allegation that the official was involved in the underlying activity that was challenged in the grievance. *See Grinter*, 532 F.3d at 576 (the denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (prison officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that their failure to act constituted an acquiescence in the unconstitutional conduct); *see also Walker v. Mich. Dept. of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Lee v.*

5

*Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001). In addition, Michigan law does not create a liberty interest in a prison grievance procedure. *Keenan*, 23 F. App'x at 407 (citing *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)); *see also Proctor v. Applegate*, 661 F. Supp. 2d 743, 766 (E.D. Mich. 2009). This claim is dismissed from the complaint as is Defendant Nenrod.

**C. The failure to investigate claim is dismissed from the complaint.**

Plaintiff next alleges that Defendants failed to adequately investigate his concerns.

Plaintiff is not entitled to relief on this claim. The failure to investigate a prisoner's complaint or grievance does not state a claim for relief. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *see also Wilkins v. Ill. Dep't Corr.*, No. 08-cv-732-JPG, 2009 WL 1904414, at *9 (S.D. Ill. July 1, 2009) ("Because inmates do not have a due process right to have their claims investigated at all, an allegation that any investigation which is actually conducted by prison officials was 'inadequate' or 'improper' does not state a constitutional claim"). This claim is dismissed from the complaint.

**D. The property destruction claim is dismissed.**

An unauthorized intentional deprivation of property by a state employee does not violate the procedural requirements of the Due Process Clause of the Fourteenth

6

Amendment so long as a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Bass v. Robinson*, 167 F.3d 1041, 1049 (6th Cir. 1999).  A plaintiff who brings a § 1983 procedural due process claim has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983).  If a plaintiff in a 42 U.S.C. § 1983 action fails to demonstrate the inadequacy of his state remedies, the case should be dismissed. *See Bass*, 167 F.3d at 1050.

Plaintiff does not allege the inadequacy of remedies in Michigan for him to obtain compensation for his loss, nor does he indicate that he has attempted to obtain relief from any court or tribunal in Michigan. "State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999).  Because Plaintiff does not allege the inadequacy of the post-deprivation remedies in the State of Michigan, this claim is subject to dismissal.

Michigan has several postdeprivation remedies, including M.C.R. 3.105, which allows for an action for claim and delivery of the property; M.C.L.A. 600.2920, which provides a civil action to recover possession of or damages for goods and chattels unlawfully detained; and M.C.L.A. 600.6401, *et seq.*, the Michigan Court of Claims Act, which establishes a procedure to compensate for

7

alleged unjustifiable acts of state officials. *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995).

Because Michigan provides Plaintiff with adequate postdeprivation remedies for the loss of his property, the alleged unauthorized intentional deprivation of Plaintiff's property would not rise to the level of a violation of due process. *See Keenan v. Marker*, 23 F. App'x at 407.

### E. Plaintiff states a viable claim for relief against the remaining defendants.

Plaintiff's claim that Defendants Steece and Herbert called him a "snitch" (and possibly a homosexual) over the prison intercom, if true, states a claim for relief, as the act of labeling Plaintiff a "snitch" amounts to deliberate indifference to Plaintiff's personal safety. *See LaFountain v. Martin*, 334 F. App'x 738, 741 (6th Cir. 2009).

### V.  ORDER

Accordingly, it is **ORDERED** that the civil rights complaint is **DISMISSED IN PART WITH PREJUDICE** with respect to Defendants Washington, Chapman, and Nenrod for failing to state a claim upon which relief can be granted.

The remainder of the case shall be referred to the prisoner mediation program.

**SO ORDERED.**

Dated: January 22, 2024  
Detroit, Michigan

s/Bernard A. Friedman  
Bernard A. Friedman  
Senior United States District Judge

8

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on January 22, 2024.

| | |
|---|---|
| **Jermaine Lewis Smith** 389335<br>MACOMB CORRECTIONAL FACILITY<br>34625 26 MILE ROAD<br>NEW HAVEN, MI 48048 | s/Johnetta M. Curry-Williams<br>Case Manager |