UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE LEWIS SMITH,

    Plaintiff,

v.

                                Case No. 23-cv-12903
                                Hon. Matthew F. Leitman

KRISTOPHER STEECE, *et al.*,

    Defendants.

_____/

**ORDER (1) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 28); (2) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE; AND (3) TERMINATING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 25) WITHOUT PREJUDICE AS MOOT**

    On November 15, 2023, Plaintiff Jermaine Smith filed this *pro se* prisoner civil-rights action against the Defendants. (*See* Compl., ECF No. 1.) After he did so, the Court informed him that under Local Rule 11.2, it was Smith's obligation to provide the Court current and up-to-date contact information. (*See* Notice, ECF No. 5.) That notice warned Smith that if he failed to comply with that requirement, his Complaint could be dismissed. (*See id.*)

    In September 2024, an order that the assigned Magistrate Judge sent to Smith at the address Smith provided was returned to the Court as undeliverable. (*See* Returned Mail, ECF No. 22.) The returned envelope indicated that Smith had been paroled. (*See id.*) But Smith had not updated his contact information with the Court.

1

Accordingly, the Magistrate Judge issued an order directing Smith to show cause why his Complaint should not be dismissed due to his failure to prosecute and his failure to update his address. (*See* Order, ECF No. 23.)  That order was also returned as undeliverable (*see* Returned Mail, ECF No. 26), and Smith never responded to the order or updated his address.

On October 29, 2024, the Magistrate Judge issued a report and recommendation in which he recommended that the Court dismiss Smith's Complaint based on Smith's "failure to update his address and failure to respond to the Court's Orders" (the "R&R"). (*See* R&R, ECF No. 28, PageID.115.)  At the conclusion of the R&R, the Magistrate Judge informed Smith that if he (Smith) wanted to file an objection to the R&R, Smith needed to do so within 14 days. (*See id.*, PageID.115-116.)

Smith has not filed any objections to the R&R.  Nor has he contacted the Court to ask for additional time to file objections.  Finally, he has not updated his address with the Court or taken any other steps to prosecute his case.  The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also Ivey v. Wilson*, 832 F.2d 950, (6th Cir. 1987) (explaining that where party fails to file "timely objections" to report and recommendation, court may accept that recommendation "without expressing any view on the merits of the magistrate's conclusions").  In addition, the failure to

2

file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Based on Smith's failure to file objections to the R&R, and his failure to update his address, the Court **ADOPTS** the recommended disposition of the R&R and **DISMISSES** Smith's Complaint **WITHOUT PREJUDICE**. Finally, because the Court is dismissing Smith's Complaint, it will **TERMINATE** Defendants' currently-pending motion for summary judgment (ECF No. 25) **WITHOUT PREJUDICE** as **MOOT**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: April 28, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 28, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126